IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON DONALD BOLDUC, | : | Civil No. 1:25-CV-00594 |
| Petitioner, | : | |
| v. | : | |
| WARDEN ARVIZA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Presently before the court is Petitioner Jason Donald Bolduc's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner seeks to have his earned time credits applied towards his sentence under the First Step Act ("FSA") and Second Chance Act ("SCA") so he can eventually be placed in a residential re-entry center ("RRC"). (Doc. 1). It appears that Petitioner has already been placed in an RRC. Therefore, the court will dismiss the petition as moot.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this action by filing the instant petition on March 24, 2025. (Doc. 1.) The court received and docketed the petition on April 2, 2025. (*Id*.) Petitioner was incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") at the time he filed his petition. (Doc. 1.) In the petition, he seeks to compel the facility to properly apply his correctly calculated earned time

credits under the FSA and SCA and immediately release him to an RRC or in home confinement. (*Id*.) Following payment of the filing fee in full on April 22, 2025, the court entered an order requiring Respondent to respond to the petition. (Doc. 5; Doc. 7). Respondent filed a response on June 26, 2025. (Doc. 11.) The court received and docketed Petitioner's traverse on July 23, 2025. (Doc. 12.)

In light of Petitioner's request to be released to an RRC, the court *sua sponte* accessed the Bureau of Prisons' inmate locator, *available at* https://www.bop.gov/inmateloc/, to determine whether Petitioner's current location. According to the inmate locator, however, Petitioner is currently listed as in the custody of the Residential Reentry Management felid office in New York with a release date of October 19, 2026. Therefore, Petitioner is currently housed in an RRC.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") While Petitioner is currently being held at an RRC in New York, at the time the petition was filed, Petitioner was housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

The relevant consideration is the district of confinement at the time the petition was filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Therefore, this court is the proper venue for the action.

## DISCUSSION

In light of Petitioner's transfer to an RRC, this matter is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Petitioner sought to be transferred to an RRC. Petitioner has been since transferred to an RRC. Thus, this ground for relief is now moot.

## CONCLUSION

For the above stated reasons, the Section 2241 petition will be dismissed as moot. The Clerk of Court will be directed to close the case.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: February 2, 2026